IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARC TRACE WYATT | § | |
| VS. | § | CIVIL ACTION NO. 9:16cv156 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marc Trace Wyatt, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding for threatening to inflict harm on an officer.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends denying the petition with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asserted several grounds for review. The Magistrate Judge concluded that all but one of the grounds for review were procedurally barred because petitioner had not raised them in both his Step 1 and Step 2 grievances.[1] With respect to the remaining ground for review, that he was not permitted to call witnesses on his own behalf, the Magistrate Judge concluded this ground for review was without merit.

---

[1] Three of petitioner's grounds for review were not raised in either his Step 1 or Step 2 grievances. An additional three grounds for review were only asserted in his Step 1 grievance.

With respect to the grounds for review that were found to be procedurally barred, petitioner states that while he was entitled to counsel substitute under prison regulations, his counsel substitute failed to respond to requests for assistance in preparing his grievances. He also complains that prison regulations failed to inform him he was required to restate issues in his Step 2 grievance if he had already raised them in his Step 1 grievance.

Even if petitioner's counsel substitute did not provide petitioner with the assistance required by prison regulations, this would not excuse petitioner's failure to properly exhaust his administrative remedies. The failure to follow institutional rules and regulations does not violate a prisoner's constitutional rights. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Petitioner's grievances demonstrate he was able to adequately present the issues he chose to raise. Further, petitioner restated in his Step 2 grievance one of the issues raised in his Step 1 grievance. Nothing prevented him from restating all his issues. The Magistrate Judge correctly concluded that the grounds for review that were not raised in both the Step 1 and Step 2 grievances are procedurally barred from consideration in this proceeding.

Regarding his remaining ground for review, petitioner stated that at his first hearing, his counsel substitute said he did not wish to call any witness. Petitioner contradicted this statement and told the hearing officer he had officers he wanted to call as witnesses. The hearing was adjourned because the charging officer could not testify. When it was reconvened, the hearing officer did not allow him to call the witnesses to testify. Petitioner asserts there was no reason for him not being permitted to call the officers to testify.

Under certain circumstances, an inmate charged with a disciplinary offense is entitled to due process, including the opportunity to call witnesses to testify on his behalf. *Wolff v. McDonnell*, 418 U.S. 569, 563-66 (1974). However, a hearing officer has the discretion to refuse a request for witnesses, such as when the testimony to be provided would be irrelevant or unnecessary. *Id*. at 566.

Petitioner was convicted of verbally threatening an officer. As the Magistrate Judge stated, it does not appear that two of the witnesses requested by petitioner were present during the

altercation. Further, while the remaining proposed witness was closer to the incident, it is not clear he was close enough to hear what was said during the incident. As it does not appear the requested witnesses would have been able to offer relevant testimony, the hearing officer's failure to allow them to testify did not violate petitioner's constitutional rights.

Moreover, there is no indication in the record as to what the proposed witnesses would have said if called to testify. Petitioner has not described what their proposed testimony would have been. In order to be entitled to federal habeas relief, a prisoner who asserts he was denied due process in connection with a prison disciplinary proceeding must show the denial prejudiced his defense. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). In this case, petitioner must demonstrate his defense was prejudiced as a result of not being able to call witnesses. As petitioner has not demonstrated his proposed witnesses would have provided beneficial testimony, he has not shown he suffered prejudice as a result of their not being permitted to testify.

## ORDER

Petitioner's objections are therefore **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to

proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed**
**Sep 16, 2019**

_____
Ron Clark, United States District Judge